[No. 7482.]

### THOMAS V. BELL.

CONDITIONAL JUDGMENT—*Non-Performance of Condition—Effect.* Decree quieting the title to lands in plaintiff, but upon condition that by a

day specified he should pay into the registry of the court, for the use of defendant, a specified sum of money, and that in default of such payment the title should be quieted in defendant. Pending defendant's appeal from this decree it being made to appear that plaintiff had not performed this condition, the cause was remanded, with directions to vacate the decree in favor of plaintiff, and enter a decree quieting title in defendant. (289.) .

*Appeal from Teller District Court.* Hon. J. W. SHEAFOR, Judge.

Mr. EDWARD C. STIMSON, Mr. CHAS. D. GURNEY, Mr. LAWRENCE LEWIS, and Mr. FRANK J. HANGS, for appellant.

Mr. EDWARD J. BOUGHTON, and Mr. W. M. ALTER, for appellee.

*On Motion of Appellant for Judgment.*

*Per Curiam: (En Banc).*

Appellee as plaintiff, brought an action against appellant as defendant, to quiet title to specified lots in the City of Cripple Creek, and to cancel a sheriff's deed, under which defendant claimed to be the owner of such lots. For answer the defendant alleged facts upon which he prayed that the title to the lots be quieted in him, and that he be adjudged the owner thereof. The trial resulted in a decree annulling the sheriff's deed, and quieting title to the property involved in plaintiff. The decree provided that as a condition precedent to the decree taking effect, plaintiff was required to comply with terms imposed as follows:

"It is further ordered, adjudged and decreed that the said plaintiff, Edward Bell, do pay into the registry of this court for the use of the defendant, J. J. Thomas, the sum of fourteen hundred ninety-eight and 21/100 ($1,498.21) dollars, being the amount of the judgment, costs and interest to this date in the case of *J. J. Thomas v. Edward Bell,* No. 2503, on the docket of this court. And it is further specially ordered and decreed that the payment of the said sum of money into the registry of this court as herein provided, be.

and the same is hereby made a condition precedent to the operation and effect of all the terms and conditions of this decree.

"It is further ordered and adjudged that unless the plaintiff herein shall make such deposit * * * with the clerk of this court on or before the 5th day of March, A. D. 1911, and not afterwards, then this judgment and decree shall not be operative or effective, and shall be null and of no effect, and the defendant shall have judgment as prayed in his answer herein."

The defendant appealed to this court. When the appeal came on for oral argument, counsel for defendant stated that the conditions imposed upon plaintiff had not been complied with. It was then ordered that defendant have leave to withdraw the record, and by appropriate proceedings have the fact regarding the alleged nonpayment of the amount which plaintiff, by the decree was required to pay into the registry of the court ascertained. From the proceedings in the District Court under this order as certified to this court, it appears that the sum plaintiff was required to pay as a condition precedent to the decree taking effect was not in the registry of the court at the time the decree was entered, and that plaintiff has not complied with the terms and conditions of the decree in this respect. It thus affirmatively appears by the express terms of the decree that plaintiff is not entitled to the relief granted by the trial court, annulling the sheriff's deed, and quieting title in him to the lots involved, and hence, according to the decree, the defendant is entitled to a judgment quieting title to these lots in him, and adjudging him the owner thereof. The cause is therefore remanded to the District Court with directions to set aside the decree quieting title in plaintiff and annulling the sheriff's deed, and to enter a decree quieting title in defendant and adjudging him the owner of the lots, and for such further orders as to both parties as will be proper in the premises.

*Cause remanded with directions.*

Decided April 5, A. D. 1915.    Rehearing denied June 7, A. D. 1915.